**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000388
16-JAN-2015
08:11 AM**

NO. CAAP-14-0000388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WAYNE P. MENDEZ, Defendant-Appellant, v.
PATRICIA A. MENDEZ, Plaintiff-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 12-1-004K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Wayne P. Mendez (**Wayne**) appeals from the Order Denying Defendant's Motion for Reconsideration or Relief from Entry of Default (**Order Denying Reconsideration**) entered by the Family Court of the Third Circuit (**Family Court**) on January 21, 2014.[1]

On appeal, Wayne raises two points of error, which are woefully noncompliant with Hawai'i Rules of Appellate Procedure Rule 28(b)(4), but which nevertheless have been considered by this court. Wayne contends that: (1) the Family Court made a wrong conclusion of law regarding Plaintiff-Appellee Patricia A. Mendez's (**Patricia's**) Divorce Decree; and (2) the Family Court

---

[1] The Honorable Melvin K. Fujino presided.

made a wrong conclusion of law regarding Wayne's qualification for relief under Hawai'i Family Court Rules (**HFCR**) Rule 60(b).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wayne's points of error as follows:

(1) Wayne makes no separate argument in support of his first point of error. In addition, it appears that Wayne failed to timely file a notice of appeal from the November 25, 2013 Divorce Decree. Wayne's motion for reconsideration filed on December 6, 2013 was not filed within ten days of the Divorce Decree, could only be considered pursuant to HFCR Rule 60(b), and thus was not a timely tolling motion. See Simpson v. DLNR, 8 Haw. App. 16, 21, 791 P.2d 1267, 1271 (1990) overruled on other grounds by Aha Hui Malama O Kaniakapupu v. Land Use Comm'n, 111 Hawai'i 124, 139 P.3d 712 (2006). Therefore, we consider Wayne's arguments only in the context of his second point of error.

(2) Wayne essentially argues that the Divorce Decree was a default judgment entered against him and that he has met the requirements set forth in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976) (citations omitted): "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act." We conclude that Wayne has failed, *inter alia*, to demonstrate that he has a meritorious defense. The only "meritorious defense" referenced by Wayne

2

concerns the "division of mutual debt." Wayne offers no explanation or record citation concerning any mutual debt. Indeed, as noted by Patricia, the Divorce Decree orders Patricia to pay the "Hawaii County Loan of $25,000," orders "[e]ach party to pay all of the credit card and other debt, if any, now in their name alone," and does not otherwise order Wayne to pay any debt. Moreover, Wayne fails to demonstrate that he met any of the requirements under HFCR Rule 60(b). Accordingly, Wayne has failed to establish that he was entitled to relief.

For these reasons, the Family Court's January 21, 2014 Order Denying Reconsideration is affirmed.

DATED: Honolulu, Hawai'i, January 16, 2015.

On the briefs:

Lionel M. Riley
for Defendant-Appellant

Joanna Sokolow
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge